UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

IN RE STATE STREET BANK AND
TRUST CO. FIXED INCOME FUNDS         MDL No. 1945
INVESTMENT LITIGATION

---

MEMORIAL HERMANN HEALTHCARE
SYSTEM AND THE HEALTH
PROFESSIONALS INSURANCE COMPANY,
LTD.,

    Plaintiffs,                         No. 08 Civ. 5440 (RJH)

v.

STATE STREET BANK & TRUST CO.,

    Defendant.

---

### STATE STREET'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

## TABLE OF CONTENTS

|   | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF ITS UNDUE DELAY IN FILING AND PREJUDICE TO STATE STREET | 2 |
| II. PLAINTIFF'S PROPOSED CLAIM UNDER THE TEXAS SECURITIES ACT WOULD BE FUTILE BECAUSE MASSACHUSETTS LAW GOVERNS THIS DISPUTE | 9 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Burch* v. *Pioneer Credit Recovery, Inc.*,
   551 F.3d 122, 126 (2d Cir. 2008)..................................................................................2, 9

*Cap Gemini Ernst & Young, U.S. LLC* v. *Nackel*,
   346 F.3d 360 (2d Cir. 2003)................................................................................................9

*Capital Z Fin. Servs. Fund II* v. *Health Net, Inc.*,
   840 N.Y.S. 2d 16 (N.Y. App. Div. 2007) ........................................................................10

*Drenis* v. *Haligiannis*,
   452 F. Supp. 2d 418 (S.D.N.Y. 2006) ...............................................................................9

*Evans* v. *Syracuse City Sch. Dist.*,
   704 F.2d 44 (2d Cir. 1983).............................................................................................3, 4

*Frenkel* v. *N.Y.C. Off-Track Betting Corp.*,
   611 F. Supp. 2d 391 (S.D.N.Y. 2009)............................................................................3, 5

*Mitsubishi Aircraft Int'l, Inc.* v. *Brady*,
   780 F.2d 1199 (5th Cir. 1986) ............................................................................................4

*Parker* v. *Columbia Pictures*,
   204 F.3d 326 (2d Cir. 2000)................................................................................................9

*Richardson Greenshields Sec. Inc.* v. *Mui-Hin Lau*,
   113 F.R.D. 608 (S.D.N.Y. 1986), *rev'd on other grounds*, 825 F.2d 647 (2d Cir. 1987) ....................................................................................................................................3

*SCS Commc'ns, Inc.* v. *Herrick Co.*, *Inc.*,
   360 F.3d 329, 345 (2d Cir. 2004)........................................................................................2

*Turtur* v. *Rothschild Registry Int'l, Inc.*,
   26 F.3d 304 (2d Cir. 1994)................................................................................................10

**OTHER AUTHORITIES**

6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990) ........................................................................................2

Fed. R. Civ. P. 12(b) ................................................................................................................9

Fed. R. Civ. P. 15(a) ..........................................................................................................2, 6

## PRELIMINARY STATEMENT

Defendant State Street Bank and Trust Company ("State Street") respectfully submits this memorandum in opposition to the Motion for Leave to File Third Amended Complaint brought by Memorial Hermann Healthcare System and the Health Professionals Insurance Company, Ltd. (collectively, "Plaintiff" or "Memorial Hermann").

More than two months after the close of fact discovery, and following the mutual exchange of expert reports, Memorial Hermann seeks to completely reshape this litigation by dropping its core claims and adding an entirely new one. The motive behind this 13th-hour shift, although nowhere set forth in their motion, is this: to try to change the governing legal standard in the case to one that Memorial Hermann thinks will be more favorable to its position. Specifically, Plaintiff's existing claims for breach of contract and breach of trust are based upon signed Agreements of Trust that hold State Street to a standard of "willful default or gross negligence" under Massachusetts law. Maher Decl. Ex. 1 at 2, Ex. 2 at 2. In other words, to prevail, Memorial Hermann must show that State Street acted with intent to defraud or reckless indifference. For its part, State Street has focused much of its discovery and defense on this standard of liability, which has governed the case since inception over two years ago. As set forth herein, State Street's depositions of key witnesses, at least one of whom will not be available at trial, were taken on the basis that "willful default or gross negligence" is the governing standard here, and its expert reports relied on that standard. If Plaintiff's motion to amend for a third time were granted, State Street would have to petition the Court to reopen discovery, and at least one key witness would certainly oppose vigorously the retaking of his deposition. Plaintiff seeks, of course, to downplay the effect of its proposed amendment, but never mentions that its proposal would, if accepted, radically alter virtually everything in the case, starting with the required elements of proof. Memorial Hermann has provided no

justification for its delay in seeking to amend the complaint for a third time – particularly given the fact that Plaintiff raised the issue with State Street earlier (while discovery was ongoing) but then dropped it. State Street would be substantially prejudiced by the reworking of the case at this late date, and the Motion should be denied.

In addition to the fundamental unfairness of introducing an entirely new statutory framework to the litigation after the close of discovery, Memorial Hermann's proposed claim under the Texas Securities Act would in any event be futile. The Agreements of Trust governing the parties' relationship unambiguously select the law of the Commonwealth of Massachusetts to govern the relationship and this dispute. Maher Decl. Ex. 1 at 3, Ex. 2 at 2. The Texas Securities Act is inapplicable as a matter of law.

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF ITS UNDUE DELAY IN FILING AND PREJUDICE TO STATE STREET

Motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed or undue prejudice to the non-moving party." *Burch* v. *Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)). Leave to amend "may only be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Commc'ns, Inc.* v. *Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) (citing *Foman*, 371 U.S. at 182). "[I]n keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits, a motion to amend should be made *as soon as the necessity for altering the pleading becomes apparent,*" and "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990) (emphasis added).

When there has been an extensive delay prior to a motion to amend, the burden may shift to the movant to justify the delay. *See Evans* v. *Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (stating that when movant is "clearly dilatory and delayed unduly in requesting leave to amend," movant has burden of showing "a compelling reason for the delay" in order to justify amendment). In particular, where a movant had knowledge of the facts upon which the proposed amendment is based "but failed to include them in the [earlier] pleading . . . leave to amend may properly be denied." *Richardson Greenshields Sec. Inc.* v. *Mui-Hin Lau*, 113 F.R.D. 608, 611 (S.D.N.Y. 1986), *rev'd on other grounds*, 825 F.2d 647 (2d Cir. 1987); *see also Frenkel* v. *N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394-95 (S.D.N.Y. 2009) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.") (internal quotation marks omitted).

Counsel for Plaintiff first approached State Street with a request to file a third amended complaint on September 23, 2009, before the scheduled close of discovery on November 10, 2009. Maher Decl. Ex. 3. State Street's response was that it would have to review any proposed amended complaint before deciding on whether to oppose such a motion. On September 29, 2009, counsel for Memorial Hermann replied, "Sure. Should have it by week's end or early next week. Want to file early next week." *Id.* Instead, Memorial Hermann waited more than three months before providing its proposed amended complaint to State Street on January 11, 2010 – well after the close of discovery and on the eve of the mutual exchange of expert witness reports. Maher Decl. Ex. 4. State Street responded the very next day, January 12, 2010, that it would oppose the proposed shift in the legal standard governing this case, *id.*, and Memorial Hermann then inexplicably delayed another two weeks before filing this Motion on January 27, 2010.

3

Memorial Hermann makes no effort to justify its delay in moving to amend the complaint a third time, nor does it claim that evidence discovered since the close of discovery has provided the basis for its additional claim – since there has been none. On the contrary, Memorial Hermann concedes that its newly proposed claim "revolve[s] around" allegations that have been known "since the beginning." Pls.' Mem. 1. Memorial Hermann says nothing because there is simply no justification for its extraordinary and prejudicial delay. *See Evans*, 704 F.2d at 48 (reversing district court decision granting leave to amend answer to include res judicata defense when a prompt motion could have prevented the dedication by plaintiff and counsel of "time, effort and resources to pre-trial discovery, the drafting of a pre-trial brief, and preparation for trial"); *Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986) (stating that failure to urge a claim which is "usually apparent at the outset of a case . . . strongly suggests either a lack of diligence . . . or a lack of sincerity").

Memorial Hermann's strategy is that by dropping its claims based upon the parties' governing Agreement of Trust – with its "willful default or gross negligence" standard of liability – and replacing it with a non-contractual statutory claim, Memorial Hermann can escape the obligations of its contract – a contract that was admittedly closely reviewed by Memorial Hermann's counsel before its execution.[1] Having litigated the case for over two years, including the development of substantial expert reports based upon the standard of proof invoked by the Plaintiff's own allegations, State Street cannot now be required to re-tool its case.[2] As but one example, perhaps the key witness in this case is Ernest Liebre of Cambridge Financial, who was

---

[1] *See* Deposition of Carroll Aulbaugh, March 10, 2009, at 215:25-216:14, attached hereto as Maher Decl. Ex. 5.

[2] In the event the Court grants leave to amend and the contract and trust claims are dropped, State Street asserts that the governing standard of liability will remain "willful default or gross negligence." But State Street is confident that Memorial Hermann will argue to the contrary, and thus State Street will be obliged to prepare an alternative defense based upon Memorial Hermann's new alleged standard, whatever it may be.

Plaintiff's independent investment advisor at all relevant times. Mr. Liebre is not within the subpoena power of the Southern District of Texas (the transferor court), and so his deposition was taken as a trial deposition.[3] State Street questioned Mr. Liebre extensively using the applicable standard of willful default or gross negligence. If Plaintiff's Motion were granted, much of that deposition will be substantially undermined, and State Street would need to redo it – except that discovery is closed, and Mr. Liebre will certainly oppose any attempt to reopen his deposition, which lasted for two full days. *See Frenkel*, 611 F. Supp. 2d 394 ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed.") (internal quotation marks omitted). Other depositions, in Houston and elsewhere, would suffer from the same fate. Moreover, State Street's experts relied upon these depositions in rendering their opinions, and their expert reports would have to be redone. *See* Wright & Miller at § 1488 ("[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial."). It is simply beyond cavil that State Street will suffer significant prejudice if it has to prepare to defend this revamped complaint. *See* Wright & Miller, *supra*, at § 1488 ("By failing to introduce the matter contained in the proposed amendment at as early a stage in the litigation as possible, the pleader has demonstrated bad faith in not apprising his opponent of his true position in the action.").

State Street is further prejudiced insofar as the Texas Securities Act claim requires State Street to prepare affirmative defenses that are not embraced within Plaintiff's common law claims, compelling State Street to reformulate its case to meet these new elements. This is egregious under the circumstances, wherein Memorial Hermann could have filed this new claim

---

[3] Mr. Liebre made it clear that he had no intention of appearing as a witness at trial. Deposition of Ernest Liebre, Sept. 9, 2009, at 12:15-18, attached hereto as Maher Decl. Ex. 6.

months ago. In short, justice does not require that Plaintiff be granted leave to amend when, without reason, it unduly delayed seeking such leave, prejudicing State Street by wasted and additional costs, and unfair surprise. *See* Fed. R. Civ. P. 15(a); Wright & Miller, *supra*, at § 1488 (explaining that the text of Rule 15(a) "makes it clear that permission to amend is not to be given automatically but is allowed only 'when justice so requires'") (quoting Fed. R. Civ. P. 15(a)).

Memorial Hermann's defenses for this delay are unpersuasive. Memorial Hermann asserts that "significant fact discovery has taken place" since the formal close of fact discovery on November 10, 2009, and that discovery "appears to be ongoing, at least as far as State Street's document production is concerned." Pls.' Mem. 4. This statement is a misdirection, however. State Street's recent supplemental document productions were neither in response nor relevant to Plaintiff's own document requests. Copies were nevertheless provided to Memorial Hermann as a courtesy, as have been all of State Street's production throughout the case. Moreover, Plaintiff makes no showing (or even claim) that any document produced after the close of discovery is relevant to their belatedly proposed amended complaint.

Prior to November 10, 2009, State Street produced over 15.5 million pages of documents to Plaintiff. After this date, State Street produced approximately 129,000 pages. Contrary to any suggestion that these productions somehow informed Memorial Hermann's decision to amend its pleading or were otherwise relevant to the Motion, these post-November 10 productions consisted of the following:

- The Operations Share Drive, pursuant to a request from MDL plaintiff Houston Police Officers Pension System ("HPOPS");
- The Hill Share Drive, pursuant to a request by HPOPS;
- Internal audit materials, pursuant to a request by HPOPS;
- Replacement discs – but for previously produced material, as requested by Memorial Hermann;

6

- Reports generated from State Street's MCH system for nine funds – none of which Memorial Hermann invested in – pursuant to a request from MDL plaintiff Prudential Retirement Insurance and Annuity Company ("Prudential");
- A folder on the Hill Share Drive kept by Maile Robichaud, a trader who was not a custodian for the purposes of discovery, provided to MDL plaintiffs because it was concurrently produced to the SEC;
- Transaction data for clients in "P-Trust" and "Master Note" accounts, in which Memorial Hermann did not invest;
- Charts identifying recipients of an August 2007 letter to clients (information Memorial Hermann already had in its possession);
- Unredacted documents related to four client letters sent by State Street in mid- to late 2007, produced concurrently to the SEC as part of a limited privilege waiver.

These documents did not provide Memorial Hermann with any information upon which to base its proposed additional claim, which relates exclusively to pre-investment disclosures made by State Street to Memorial Hermann in 2004. *See* Maher Decl. Ex. 4 at 1-2.

Memorial Hermann implies that State Street's responses to its Third Set of Interrogatories also revealed new information that justify its delay in filing. Quite the opposite is true. Six of the nine interrogatories were almost identical to Memorial Hermann's First Set of Interrogatories, to which State Street responded on May 15, 2009. Another interrogatory asked State Street to identify the fees Memorial Hermann had paid State Street throughout their relationship, information which was already in Memorial Hermann's possession and in any event has nothing to do with their proposed amendment. The final two interrogatories asked for holdings from 2004 to 2007 for the Limited Duration Bond Fund, which State Street identified as having already been produced to Memorial Hermann. Maher Decl. Ex. 7.

Memorial Hermann also suggests that witness depositions conducted after the discovery deadline provided a basis for its new claim. Prior to November 10, 2009, State Street produced 46 witnesses for over 60 days of depositions, and provided Plaintiff with dozens of transcripts of testimony that State Street witnesses provided to the SEC. Following the close of discovery,

7

only three additional depositions of State Street witnesses took place.[4] At two of those depositions, Memorial Hermann asked no questions at all, and all three of those depositions are irrelevant to Memorial Hermann's claims, new or old:

- Susan Reigel: Ms. Reigel, a State Street portfolio manager, did not manage the fund in which Memorial Hermann invested. This was Ms. Reigel's second day of testimony; she had previously testified on March 31, 2009. Memorial Hermann did not ask a single question of this witness on either day of testimony.

- Steven Meier: Mr. Meier was the head of State Street's Boston Cash Desk in 2007 and had no knowledge of how the Limited Duration Bond Fund ("LDBF") was managed from 2004 to 2007.[5] Memorial Hermann's questions of Mr. Meier were devoted to authenticating recorded telephone calls which were produced to Plaintiff on June 8, 2009.

- Arlene Roberts: Ms. Roberts is only a relevant witness to Prudential, as shown by the fact that Prudential conducted all of the questioning in this 2.5 hour deposition.

Because none of the documents or depositions after November 10, 2009 provided Memorial Hermann with any new or relevant information, any suggestion that its delay in moving to amend for a third time should be excused by ongoing discovery is simply without basis. Memorial Hermann itself has not even argued that recent discovery impacted its new claims or omissions, but seems to be arguing that this mop-up after the close of discovery means that discovery is still continuing, which is not so. There is simply no genuine, good faith reason for Memorial Hermann's delay.

---

[4] The deposition of Memorial Hermann witness George Farris, a Memorial Hermann board member, was also taken after November 10, 2009 following several months during which State Street requested Plaintiff to make him available. Memorial Hermann does not suggest that any information derived from Mr. Farris's testimony was unfamiliar to Memorial Hermann before this deposition, or forms the basis of their proposed amendment.

[5] See Deposition of Steven Meier, Nov. 23, 2009, at 29:21-30:11, attached hereto as Maher Decl. Ex. 8 ("A: The truth is, John, I really don't know how the [LDBF] portfolio was being managed. It was managed by a different team of portfolio managers with a different team of credit analysts."); id. at 33:2-3 ("A: . . . [T]he cash funds are managed very differently than the bond funds.").

## II. PLAINTIFF'S PROPOSED CLAIM UNDER THE TEXAS SECURITIES ACT WOULD BE FUTILE BECAUSE MASSACHUSETTS LAW GOVERNS THIS DISPUTE

Denial of a motion to amend a complaint is appropriate where such an amendment would be futile. *Burch*, 551 F.3d at 126 (citing *Foman*, 371 U.S. at 182). In determining whether amendment would be futile, courts consider whether the newly asserted claim would survive a motion to dismiss under Fed. R. Civ. P. 12(b). *See Parker* v. *Columbia Pictures*, 204 F.3d 326, 339 (2d Cir. 2000).

Plaintiff's attempt to assert a claim under the Texas Securities Act would be futile because Texas law does not apply to this dispute. Pursuant to a choice-of-law provision in the Agreements of Trust entered into between Plaintiff and State Street, Massachusetts securities law governs the relationship between Memorial Hermann and State Street. The Agreements of Trust declare that "[t]he trust hereby created shall be in all respects governed by the laws of Massachusetts." Maher Decl. Ex. 1 at 3, Ex. 2 at 2.

Under applicable New York choice-of-law principles,[6] a choice-of-law provision governs non-contractual claims where "the express language of the choice-of-law provision is sufficiently broad as to encompass the entire relationship between the contracting parties." *Drenis* v. *Haligiannis*, 452 F. Supp. 2d 418, 425-26 (S.D.N.Y. 2006) (Holwell, J.) (quotation omitted). Here, the choice-of law-agreement possesses sufficient breadth, since it governs "all respects" of the "trust," which constituted the entire relationship between Plaintiff and State Street. *See* Maher Decl. Ex. 1 at 3, Ex. 2 at 2. In addition, State Street made the challenged investments pursuant to the Agreements of Trust. Finally, the choice-of-law agreement resembles other choice-of-law provisions that courts have held govern the entire relationship between two parties.

---

[6] "A federal court sitting in diversity jurisdiction is obligated to apply the law of the forum state in analyzing preliminary choice-of-law questions." *Cap Gemini Ernst & Young, U.S. LLC v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) (internal quotation marks omitted).

*See, e.g., Capital Z Fin. Servs. Fund II* v. *Health Net, Inc.*, 840 N.Y.S. 2d 16, 23 (N.Y. App. Div. 2007) (choice-of-law provision governed "all issues" concerning "enforcement of the rights and duties of the parties"); *Turtur* v. *Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 309 (2d Cir. 1994) (choice-of-law provision governed claims "arising out of or relating to this contract or breach thereof"). Thus, because Plaintiff's claim under the Texas Securities Act would not survive a motion to dismiss under Fed. R. Civ. P. 12(b), Plaintiff's should be denied leave to add this claim.

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that the Court enter an order denying Plaintiff's Motion for Leave to File Third Amended Complaint.

## REQUEST FOR ORAL ARGUMENT

State Street respectfully requests that the Court hear oral argument on this Motion.

Dated: February 10, 2010

ROPES & GRAY LLP

By: /s/ Robert A. Skinner /ab
Harvey J. Wolkoff
Robert A. Skinner
Daniel J. Maher
One International Place
Boston, MA  02110
Tel: (617) 951-7000
Fax: (617) 951-7050
harvey.wolkoff@ropesgray.com
robert.skinner@ropesgray.com
daniel.maher@ropesgray.com

*Attorneys for Defendant State Street Bank and Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2010, I caused a true and correct copy of the foregoing document to be served upon the following counsel of record by e-mail.

/s/ Lila A. Palmer
Lila A. Palmer

Edwin G. Schallert
Jeremy Klatell
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Derek W. Loeser
Laura R. Gerber
Karin W. Swope
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

William C. Fredericks
Jerald D. Bien-Willner
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019

Richard B. Walsh, Jr.
LEWIS, RICE, FINGERSH LC
500 N. Broadway, Suite 2000
St. Louis, MO 63102

Douglas K. Spaulding
REED SMITH LLP
1301 K Street NW
Suite 1100 - East Tower
Washington, DC 20005

Samuel H. Rudman
David A. Rosenfeld
Evan J. Kaufman

John R. Nelson
LOCKE LORD BISSELL & LIDDELL LLP
100 Congress, Suite 300
Austin, TX 78701

Caren S. Sweetland
Tracy D. Larson
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, TX 77002

Jeffrey C. Block
Patrick T. Egan
Kristen D. Tremble
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO
One Liberty Square
Boston, MA 02109

Robert Burford
BURFORD & MANEY PC
700 Louisiana, Suite 4600
Houston, TX 77002

Thomas J. Dougherty
Peter Simshauser
Michael S. Hines
SKADDEN ARPS SLATE MEAGHER &
FLOM LLP
One Beacon Street
Boston, Massachusetts 02108

David E. Lurie
Thomas Lent

11

| | |
|---|---|
| Carolina Torres<br>Mark Reich<br>COUGHLIN, STOIA, GELLER, RUDMAN &<br>ROBBINS, LLP<br>58 S. Service Road, Ste. 200<br>Melville, NY 11747 | LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 02109 |
| Jeffrey A. Berens<br>Darby Kennedy<br>DYER & BERENS LLP<br>682 Grant Street<br>Denver, CO 80203 | Steven L. Severson<br>Justin Krypel<br>Debbie Ellingboe<br>FAEGRE & BENSON LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |
| John J. Butts, Esq.<br>Steven Cherry<br>Felicia Ellsworth<br>Kevin Prussia<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, MA 02109 | Clinton Krislov<br>Jeffrey Salas<br>KRISLOV & ASSOCIATES, LTD<br>20 North Wacker Drive<br>Chicago, IL 60606 |
| Lewis R. Clayton<br>Jonathan Hurwitz<br>Aliza Balog<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | |