UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | 1:08-md-1945 |
| This Document Relates To: | § § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § | |
| Plaintiffs, | § § § | 1:08-cv-05440-RJH |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § § | |
| Defendant. | § § | |

## MEMORIAL HERMANN'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. (collectively, "Memorial Hermann") file this Local Civil Rule 56.1 Statement of Material Facts in Support of their motion for partial summary judgment and respectfully show the Court as follows:

### STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Memorial Hermann provides the following statement of material facts as to which Memorial Hermann contends there is no genuine issue to be tried:

1

AUS:0017275/00023:438994v1

1.     This lawsuit arose out of Memorial Hermann's decision to invest substantial sums of money in State Street's Limited Duration Bond Fund pursuant to Agreements of Trust. (*See* Doc. 2 (SDTX Doc. 39).[1])

2.     The Agreement of Trust between State Street and Memorial Hermann Healthcare System was executed in January of 2005. (*See* Ex. 1, attached to Memorial Hermann's Motion.)

3.     The Agreement of Trust between State Street and the Health Professionals Insurance Company, Ltd. ("HePIC") was executed in September 2005. (*See* Ex. 2, attached to Memorial Hermann's Motion.)

4.     The terms in the Agreements of Trust are identical and provide, in part, as follows:

- Memorial Hermann "hereby transfers the property shown on Schedule A to STATE STREET BANK AND TRUST COMPANY, a Massachusetts trust company with its principal place of business in Boston, Massachusetts as Trustee." (Exs. 1 & 2 at 1.[2])

- State Street "received said property in trust and agrees that it will hold, manage and invest the same in accordance with the investment objectives described in Exhibit 1 . . . ." (*Id.*)

- "Upon termination of the trust, the property then held in trust . . . shall be transferred and conveyed to [Memorial Hermann] or as [Memorial Hermann] may direct in writing." (*Id.*, ¶ SECOND.)

- "In addition to all common law and other statutory powers, the Trustee shall have and may exercise at any time . . . the following powers, authorities, and discretions . . . : (1) to retain, purchase and invest in any securities, regardless of their character, their quality, any requirement of diversification or any other principle applicable to investments of fiduciaries, with the investment objectives specified in Exhibit 1 . . . and as determined by the Trustee in its sole discretion . . . ." (*Id.*, ¶ THIRD.)

- "The Trustee shall not be liable for any error of judgment or law on its own part, but it shall be liable only for its own willful default or gross negligence." (*Id.*, ¶ FOURTH.)

---

[1] Unless otherwise indicated, docket numbers refer to items on file in Case No. 1:08-cv-05440-RJH. "SDTX" docket numbers refer to items on file in Case No. 4:07-cv-4089 in the Southern District of Texas. "MDL" docket numbers refer to items on file in Case No. 1:08-md-1945-RJH in the Southern District of New York.

[2] Schedule A shows that Memorial Hermann Healthcare System initially transferred approximately $71,399,000 to State Street as trustee and HePIC initially transferred approximately $13,600,000 to State Street as trustee. (*See* Exs. 1 & 2, Schedule A.)

AUS:0017275/00023:438994v1

5. After State Street received approximately $85,000,000.00 dollars of Memorial Hermann's money in trust and invested that money in the Limited Duration Bond Fund, the Fund lost about 37 percent of its value during the first three weeks of August 2007, fell 42 percent for the year by August 21, 2007, and was subsequently closed and liquidated. (*See* Doc. 2 (SDTX Docs. 39 & 44, ¶ 14).)

6. In response to these losses, Memorial Hermann sued State Street for fraudulent inducement, negligent misrepresentation, breach of contract, and breach of fiduciary duty. (*See* Doc. 2 (SDTX Doc. 39).)

7. The action was filed in Texas state court, removed to federal court in Houston, Texas, and transferred to this Court for coordinated, consolidated proceedings. (*See* MDL Doc. 1.)

Respectfully submitted,

By: *Charles R. Parker / [signature] w/ permission*
Charles R. Parker
cparker@lockelord.com
Southern District of Texas No. 2314
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas 77002-3095
Telephone: (713) 226-1469
Facsimile: (713) 229-2632

**ATTORNEY-IN-CHARGE FOR MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

AUS:0017275/00023:438994v1

OF COUNSEL:

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365


LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800


*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on the 2nd day of June, 2010. All attorneys of record are being served by e-service.

                                          _____
                                          John R. Nelson